**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 17-10-DLB-CJS-2**

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**


**VS.**                              **MEMORANDUM OPINION AND ORDER**


**JOHNNY L. SHELTON**                                                                          **DEFENDANT**

\* \* \*\* \*\* \*\* \*\* \*\* \*\*

This matter is currently before the Court upon Defendant Johnny L. Shelton's Motion to Suppress the recorded statement he made to law enforcement officers during an interview conducted on November 2, 2016. (Doc. # 90). The Court conducted an evidentiary hearing on September 28, 2017. (Doc. # 95). Defendant was present for the hearing and was represented by Attorney Dennis Alerding. Plaintiff was represented by Assistant United States Attorney Elaine Leonard. At the conclusion of the hearing, the Court took the Motion under submission. The Motion is fully briefed (Docs. # 90, 92, and 125), and is ripe for the Court's review. For the reasons set forth herein, Defendant's Motion to Supress is **denied**.

**I.      ISSUES RAISED**

In his Motion, Defendant moves the Court to suppress the recorded statement he made to law enforcement officers during an interview at the Boone County Detention Center on November 2, 2016. (Doc. # 90). More specifically, Defendant asserts that the statement should be suppressed because the officers threatened him with the prosecution of his wife, who was eventually charged in Boone County Circuit Court. (Doc.

# 125). The Defendant also claims that officers were unduly coercive when they informed him that he would be facing a life sentence. *Id.*

In response to Defendant's Motion, the Government argues that Defendant's Motion is "legally insufficient, factually unsupported, and borderline frivolous." (Doc. # 92 at 1). The Government argues that despite Defendant's allegation, his statement was voluntarily given. (Doc. # 92 at 2). The Government asserts that there is no evidence of trickery, deceit, misrepresentations, promises, or threats by the interviewing agents. *Id.* Instead, the Government argues that "the agents were nothing but candid with the Defendant—about their investigation, the evidence that implicated him, and the potential penalties he faced." *Id.*

## II.    FINDINGS OF FACT

During the evidentiary hearing held on September 28, 2017, the Court heard the testimony from two witnesses. The Government called Boone County Detective Dale Shannon Taylor and Defendant testified on his own behalf. Weighing the credibility of the witnesses, and considering the exhibits admitted during the hearing, the Court makes the following factual findings:

1.      Defendant Johnny Shelton was interviewed by Boone County Detectives Dale Shannon Taylor and Mark Stidham in the video arraignment room at the Boone County Detention Center on November 2, 2016.

2.      Although Defendant was in custody at the time of the interview, he was not handcuffed during the interview.

3. Defendant was advised of his *Miranda* rights at the beginning of the interview, affirmatively stated that he understood those rights, and agreed to waive those rights by speaking with the Detectives.

4. Defendant was not under the influence of drugs or alcohol at the time of the interview and Defendant was capable of comprehending the Detectives' questions.

5. Defendant was aware that the interview was being recorded, given that the tape recorder was sitting on top of table in plain view.

6. Near the end of the interview that lasted approximately one hour and twenty minutes, Detective Stidham informed the Defendant that if he failed to tell the truth, the scope of the investigation could be expanded to include the Defendant's family members.

7. Defendant was also told that the Detectives already had evidence, including recorded jail phone calls and the Defendant's own admission earlier in the interview, that his wife had smuggled contraband, marijuana, and a cell phone into the jail.

8. Detectives also informed Defendant that they had evidence that his wife had committed a crime. Prior to this exchange, the Defendant had confessed to the crime multiple times.

9. Detectives also informed Defendant that based on their knowledge of his prior criminal history, he was likely to be classified as a career criminal and could be facing a life sentence.

10. The only affirmative representation made to Defendant by the Detectives was that his cooperation would be relayed to the prosecutor.

## III. ANALYSIS

In his Motion to Suppress, Defendant argues that that his confession was involuntarily given, and thus, must be suppressed for two reasons. First, Defendant argues that his confession was involuntary because Detectives informed him that should he not cooperate, he was likely to be classified as a career criminal and face a life sentence. Second, Defendant argues that his confession was the result of the Detectives' threats of prosecution against his wife.

The issue this Court must resolve is whether the Detectives' conduct during the interview was "coercive police activity" such that it was sufficient to "overbear the accused's will to resist." *Ledbetter*, 35 F.3d at 1067. Neither of the arguments put forth by the Defendant, nor any statements made by the Detectives in the remainder of the interview, warrant suppression of the Defendant's statements. Each of the Defendant's arguments will be evaluated in turn.

In order for a defendant's confession to be involuntary, and therefore obtained in violation of the Fifth Amendment, "coercive police activity" must have ensued prior to the confession. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). "An admission is deemed to be coerced when the conduct of the law enforcement officials is such as to overbear the accused's will to resist." *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994). There are three requirements "for a finding that a confession was involuntary due to police coercion: (i) the police activity was objectively coercive; (ii) the coercion in question was sufficient to overbear the defendant's will; and (iii) the alleged police conduct was the crucial motivating factor in the defendant's decision to offer the statement." *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999). Furthermore, this Court examines "the

totality of the circumstances" to determine whether a defendant's statement was voluntarily given. *United States v. Finch*, 998 F.2d 349, 356 (6th Cir. 1993). Circumstances that this Court may consider are "the age of the accused, his level of education and intelligence, his physical condition and emotional state at the time of the confession, his expressed fears of violent reprisals, actual physical punishment, the proximity of the coerciveness of the confession as given, and the inherent coerciveness of the confession as given." *United States v. Wrice*, 954 F.2d 406, 411 (6th Cir. 1992).

Within this legal framework, the Court will first consider whether the Defendant's confession was involuntary because the Detectives told the Defendant that he would be classified as a career criminal and face a possible life sentence should he not cooperate. The Sixth Circuit recognizes that "promises of leniency may be coercive if they are broken or illusory." *United States v. Johnson*, 351 F.3d 254, 262 (6th Cir. 2003). However, a statement about possible leniency upon cooperation is not generally impermissible. *United States v. Cruse*, 59 F. App'x 72, 78 (6th Cir. 2003). Furthermore, assertions that "a defendant may face a long-term sentence are not impermissible and do not render a defendant's comments, confessional or otherwise, involuntary." *See United States v. Reese*, No. 1:09-cr-145, 2010 WL 2606280, at *9 (N.D. Ohio 2010) (citing *United States v. Hocking*, 860 F.2d 769, 774 (7th Cir. 1998)). Thus, the Detectives' statements do not amount to improper inducements or coercion as a matter of law. In fact, the Detectives' statements that Defendant might face life in prison "merely reflected the Defendant's extensive criminal record." *Id.* at *9. The Detectives were not "leading the Defendant to believe that he … will receive lenient treatment when this is quite unlikely." *United States v. Little*, 9 F.3d 110 (6th Cir. 1993) (quoting *United States v. Long*, 852 F.2d 975, 978 (7th

Cir. 1988)).  Nor has the Defendant alleged that the Detectives made any offer of a reduced penalty; the Defendant was merely told that his cooperation would be passed along to the prosecutor.  As such, the Detectives' statements do not amount to coercion and do not warrant suppression of the Defendant's confession.  *Reese*, 2010 WL 2606280 at *9.

The second question the Court will consider is whether the Defendant's confession was involuntary because the Detectives told Defendant that should he not cooperate, the scope of the investigation would be expanded to include the Defendant's wife.  "[A] finding of coercion need not depend upon actual violence by a government agent; a credible threat is sufficient."  *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991).  "Specifically, threats to arrest members of a suspect's family may cause a confession to be involuntary."  *Finch*, 998 F.2d at 356.  Whether a threat to prosecute a third party is coercive "turns on whether the threat could have been lawfully executed."  *United States v. Johnson*, 351 F.3d 254, 263 (6th Cir. 2003).  If the threat can be lawfully executed—where, for example, officers have probable cause to arrest the defendant's family member—there is no coercion and any statements made by that defendant pursuant to that threat are admissible.  *See Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001).

In *Finch,* police officers executing a search warrant at the defendant's residence, where his mother and girlfriend were also present, told the defendant that if he did not disclose the location of the drugs, the officers would arrest all of them; the defendant then immediately told the officers where the drugs were.  *Finch*, 998 F.2d at 355.  The Sixth Circuit reversed the district court's denial of the defendant's motion to suppress, finding that all of the *Mahan* factors were present: (1) the police had no probable cause to arrest

either woman; (2) the interrogation occurred in an inherently oppressive atmosphere; and (3) the defendant's testimony that the officer's threat motivated him to confess was supported by the fact that he confessed immediately after the threat was made.  *Id.* at 355-56.

In this case, however, none of the *Mahan* factors are present.  The first factor in *Mahan* requires the Court to consider whether "the police activity was objectively coercive."  *Mahan*, 190 F.3d. 422.  The Detectives' conduct in making the threat to expand the investigation to the Defendant's wife was not objectively coercive because the Detectives had a good-faith belief that his wife could be charged.  In fact, the Defendant's wife was ultimately indicted for complicity.  It is clear that the threat could be, and eventually was, lawfully executed, thus, there was no coercion and any statements made by Defendant pursuant to that threat are admissible.  *See Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001).

The second *Mahan* factor requires the Court to consider whether "the coercion in question was sufficient to overbear the defendant's will."  *Mahan*, 190 F.3d. at 422.  The Defendant does not allege that he was "objectively coerced," that he was threatened in any physical manner, or that the Detectives physically mistreated him.  *Reese*, 2010 WL 2606280 at *9.  Nor does the Defendant contend that his one-hour-and-twenty-minute interview was unduly lengthy and oppressive.  *Id.*  Moreover, the totality of the circumstances, including the Defendant's age, level of education, and experience with the criminal justice system, suggests that his will was not easily overborne during this interrogation.  *Id.*  As a matter of law, the record does not support a finding that the Detectives performed a coercive interrogation.  *Id.*

Lastly, the third *Mahan* factor requires the Court to determine whether "the alleged police conduct was the crucial motivating factor in the defendant's decision to offer the statement." *Mahan*, 190 F.3d. at 422. Despite Defendant's arguments to the contrary, there is no evidence in the record that the Detectives' threat to expand the investigation to include his wife was the crucial motivating fact behind his confession. Detectives' exchange with the Defendant concerning potential prosecution of his wife occurred at the end of the one-hour-and-twenty-minute interview. By that time, the Defendant had already confessed multiple times. The lack of temporal proximity between the threat and the confession suggests that the threat was not the "crucial motivating factor in the defendant's decision to offer the statement." *Id.* Thus, unlike *Finch*—where the defendant immediately responded to the threat by confessing—in this case, the Defendant confessed *prior* to the Detectives' threat of prosecution against his wife.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that the Defendant Johnny L. Shelton's Motion to Suppress (Doc. # 90) is hereby **DENIED**.

This 8th day of January, 2018.



Signed By:

*David L. Bunning*

United States District Judge

K:\DATA\ORDERS\Covington Criminal\2017\17-10 MOO.docx