UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 17-10-DLB-CJS-2

UNITED STATES OF AMERICA                                            PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

JOHNNY L. SHELTON                                                   DEFENDANT

\* \*    \* \*    \* \*    \* \*    \* \*    \* \*    \* \*    \* \*

Defendant Johnny L. Shelton has filed three motions, which are currently pending before the Court: a Motion for a New Trial (Doc. # 256), Motion for Leave to File Motion for Acquittal Out of Time (Doc. # 266), and a Renewed Motion for Judgment of Acquittal (Doc. # 267). The Government has filed its Response to Defendant's Motion for a New Trial (Doc. # 261) and Response to Defendant's Motion for Acquittal (Doc. # 267). The time for further briefing under the Local Rules having expired, the motions are ripe for review. For the reasons stated herein, Defendant's Motions are **denied**.

I.    **FACTUAL BACKGROUND**

On March 9, 2017, Defendant and three other individuals were indicted by a federal grand jury. (Doc. # 1). The Indictment charged Defendant with one count of conspiracy to "knowingly and intentionally distribute and possess with intent to distribute carfentanil, a Schedule II controlled substance, violations of 21 U.S.C. § 841(a)(1)," resulting in death, "all in violation of 21 U.S.C. § 846." *Id.* The charge stems from the October 15, 2016 overdose death of Defendant's fellow inmate, T.M., at a Boone County jail work camp. *See* (Doc. # 50).

The trials of the alleged co-conspirators were severed, and Defendant's jury trial commenced on January 22, 2018. (Doc. # 180). At the close of the Court day, Defendant made an oral motion for new counsel. (Doc. # 183). The Court granted Defendant's motion, finding irreconcilable differences between Defendant and his appointed counsel. *Id.* In light of that ruling, the Court declared a mistrial. *Id.*

Subsequently, the Court appointed new counsel and the matter proceeded to a second jury trial on June 18, 2018. (Doc. # 242). Upon the close of the Government's evidence, defense counsel orally moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (Doc. # 245). Defense counsel conceded that the evidence showed there was an agreement to bring controlled substances such as cocaine and marijuana into the work camp; however, he argued that the Government did not present evidence of a conspiracy to distribute *carfentanil* as alleged in the Indictment. *See* (Trial Transcript, June 20, 2018). Denying the oral motion, the Court explained its reasoning on the record. (Doc. # 245). Specifically, the Court found that, viewing the evidence in the light most favorable to the Government, there was sufficient evidence from which a reasonable jury could convict Defendant of conspiring to "knowingly and intentionally distribute and possess with intent to distribute carfentanil" which resulted in death. *See* (Trial Transcript, June 20, 2018). Upon the close of the Defendant's evidence, defense counsel orally renewed Defendant's Rule 29 motion. (Doc. # 245). The Court denied the renewed motion on the same basis. *Id.*

At the subsequent charge conference, defense counsel objected to Jury Instruction 14, which addressed conspiracy to violate drug laws under 21 U.S.C. § 846. *See* (Doc. # 246; Trial Transcript of June 21, 2018). While Instruction 14 was taken virtually verbatim

from the Sixth Circuit's Pattern Instructions, see 6th Cir. Pattern Crim. Jury Instr. 14.05, defense counsel argued that the Court was required to modify the language regarding controlled substances due to the Government's particular wording of the Indictment. (Doc. # 1). The Indictment alleged that Defendant "did conspire together and with others to knowingly and intentionally distribute and possess with intent to distribute *carfentanil*, a Schedule II controlled substance, violations of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846." *Id.* (emphasis added). Because the Indictment charged Defendant with conspiring to distribute and possess "carfentanil" specifically—rather than a "controlled substance" generally as set forth in 21 U.S.C. § 841(a)(1)—Defendant argued that the Court was required to replace references to "controlled substances" in Instruction 14 with "carfentanil." (Doc. # 246). Defendant asserted that a constructive amendment of the Indictment would result if the Court instructed the jury that the alleged conspiracy was to distribute a "controlled substance" and not "carfentanil." *See* (Trial Transcript of June 21, 2018).

In response, the Government orally moved to continue the trial for twenty-four hours to allow the parties to submit memoranda on the issue. (Doc. # 246). The Court granted that motion and the charge conference resumed on June 22, 2018 following submissions from the parties. (Docs. # 247, 248, and 249). Defendant objected to two specific portions of Instruction 14 and submitted a Proposed Modified Instruction. (Doc. # 252). Following review of the parties' submissions, the Court overruled in part Defendant's objections.[1] (Doc. # 249).

---

[1] The Court did, however, allow Defendant to add an instruction entitled "Defendant's Theory." (Doc. # 253 at 20) (Instruction 15). The jury was instructed in relevant part that "Mr. Shelton claims he is not guilty . . . because he did not conspire with others to knowingly and intentionally distribute, and possess with intent to distribute carfentanil as alleged in the

The first portion of the Sixth Circuit Pattern Instruction at issue provides that "[t]he indictment charges the defendant(s) with conspiracy to [insert object(s) of conspiracy]." 6th Cir. Pattern Crim. Jury Instr. 14.05(1). Defendant's Proposed Modified Instruction stated, "the Indictment charges the defendant with conspiracy to distribute carfentanil, a controlled substance, causing death. You are instructed that carfentanil is a controlled substance." (Doc. # 252). The Court adopted this portion of Defendant's Proposed Modified Instruction in full. (Doc. # 253 at 16).

The second portion of the Sixth Circuit Pattern Instruction at issue was the primary focus of Defendant's objection. Pattern Instruction 14.05(3)(B)(3) provides in relevant part that a finding of guilt "**does not require proof** that the defendant knew the drug involved was [name controlled substance]. It is enough that the defendant knew that it was some kind of controlled substance." 6th Cir. Pattern Crim. Jury Instr. 14.05(3)(B)(3) (emphasis added). Defendant's Proposed Modified Instruction, in contrast, added a requirement of proof of Defendant's knowledge of the type of controlled substance: "[b]ased upon the Indictment as charged, **this requires proof** that the defendant knew the drug involved was carfenantil." (Doc. # 252 at 2) (emphasis added). The Court rejected this portion of Defendant's proposal, and the jury was instructed in conformity with the Sixth Circuit Pattern Instruction 14.05(3)(B)(3) that "this does not require proof that the defendant knew the drug involved was carfentanil. It is enough that the defendant knew that it was some kind of controlled substance." (Doc. # 253 at 17-18).

During the course of jury deliberations, the jury returned a written question, asking, "[i]n terms of conspiracy, does distribution refer to carfentanil specifically or any controlled

---

Indictment." *Id.*

substance?" (Doc. # 254). The Court provided a written response that "[t]he Court refers you to Jury Instruction 14 at pages 17-18 of the instructions." *Id.* This included the portion of the instruction that modeled Pattern Instruction 14.05(3)(B)(3), which stated that a finding of guilt "does not require proof that the defendant knew the drug was carfentanil . . . . It is enough that the defendant knew that it was some kind of controlled substance." *Id.* (citing Doc. # 253 at 17-18). The jury then found Defendant guilty of the charge in the Indictment. (Doc. # 255).

## II.  ANALYSIS

### A.  *Motion for New Trial*

In his Motion for New Trial (Doc. # 256), Defendant asserts that he is entitled to a new trial on two (2) main grounds. First, Defendant argues that the Court's reference to Instruction 14 in response to the jury's question did not fairly and adequately submit the issues and applicable law to the jury. Second, Defendant also argues that the evidence introduced by the Government at trial, and the language of Instruction 14, diverged from the charge set forth in the Indictment to create an improper constructive amendment to the Indictment—or, in the alternative, a prejudicial variance.

#### 1.  **Standard of Review**

Rule 33 of the Federal Rules of Criminal Procedure allows a defendant to request that any judgment be vacated and that a new trial be granted if the "interest of justice so requires." Fed. R. Crim. P. 33. Generally, a new trial is unwarranted unless a defendant demonstrates that a "substantial legal error" occurred during the proceedings. *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015) (quoting *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010)). Any legal error that is significant enough to require

5

reversal on appeal is an adequate ground for granting a new trial. *Munoz*, 605 F.3d at 373 (quoting with approval *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004)). The burden, however, is high. "The defendant bears the burden of proving the need for a new trial and such motions should be granted sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993).

> **2. The Court did not legally err, as Instruction 14 accurately reflected the law and the Government produced the requisite evidence of a conspiracy to distribute carfentanil.**
>
> **a. The Court's written response to the jury's question properly submitted the applicable law to the jury.**

In support of his motion for new trial, Defendant first claims that the Court's written response to the jury question was unclear and "did not fairly and adequately submit the issues and applicable law to the jury." (Doc. # 256 at 1-2) (citing *United States v. Williams*, 952 F.2d 1504 (6th Cir. 1991)). Pursuant to the Court's adoption of the first portion of Defendant's Proposed Instruction, Instruction 14 identified carfentanil as a controlled substance. *See* (Doc. # 252) ("the Indictment charges the defendant with conspiracy to distribute carfentanil, a controlled substance, causing death. You are instructed that carfentanil is a controlled substance."). The Jury Instructions did not, in turn, expressly identify cocaine and marijuana as controlled substances. Defendant concedes there was a conspiracy to distribute controlled substances, but asserts that the evidence presented at trial "established the objective of the conspiracy was to distribute cocaine and marijuana," not *carfentanil*. (Doc. # 256 at 1-2). Defendant argues that, as a result, when the jury asked the Court whether "distribution refer[s] to carfentanil specifically or any controlled substance," the Court should have answered that "the only substance identified as a controlled substance the jury could consider was carfentanil." *Id.* at 2-3. Defendant

6

asserts that it was error for the Court to instead refer the jury to the portion of the instruction that modeled Sixth Circuit Pattern Instruction 14.05(3)(B)(3), as this portion of Instruction 14 stated that a finding of guilt "does not require proof that the defendant knew the drug was carfentanil . . . . It is enough that the defendant knew that it was some kind of controlled substance." *Id.* (citing Doc. # 253 at 17-18). Defendant contends that this allowed the jury to find him guilty of the carfentanil-specific charge in the Indictment based upon evidence of substances other than carfentanil—namely, cocaine and marijuana.

In response, the Government argues that the slight revision to the first portion of Sixth Circuit Pattern Jury Instruction 14.05 was at Defendant's own request to add a specific reference to "carfentanil" in Paragraph 1 of the instruction. (Doc. # 261 at 1-2). The Government argues that "Defendant cannot now reasonably claim that the Court's inclusion of the word he requested in Paragraph 1 renders the instructions incomplete and unclear." *Id.* at 2. Moreover, the Government contends that the revision "did not change the elements of the offense, require additional controlled substances to be defined, or otherwise prejudice the Defendant." *Id.*

Defendant has failed to satisfy his burden to show a substantial legal error occurred such that justice requires a new trial. A trial court has broad discretion in drafting jury instructions, and does not abuse its discretion unless the jury charge fails to accurately reflect the law. *United States v. Leman*, 2013 WL 1856123, at *4 (E.D. Ky. Apr. 30, 2013) (citing *United States v. Ross*, 502 F.3d 521, 528 (6th Cir. 2007); *United States v. Beaty*, 245 F.3d 617, 621 (6th Cir. 2001)). To satisfy his burden to show that the district court abused its discretion in its choice of jury instructions, a defendant must show that "the instructions, viewed as a whole, were confusing, misleading, or prejudicial."

7

*United States v. Freeman*, 299 F. App'x 556, 558 (6th Cir. 2008) (citing *United States v. Harrod*, 168 F.3d 887, 892 (6th Cir. 1999)). "No single provision of the jury charge may be viewed in isolation, rather, the charge must be considered as a whole." *Beaty*, 245 F.3d at 621-22 (citing *United States v. Lee*, 991 F.2d 343, 350 (6th Cir. 1993)).

Here, the Court's response to the jury's question, which directed the jury to the more general "controlled substance" language of Instruction 14 on pages 17 and 18, was appropriate because the language accurately reflects the law and, when taken as a whole, the instructions fairly and adequately submitted the issues and applicable law to the jury. Instruction 14 substantially tracked the language recommended in the Sixth Circuit Pattern Jury Instructions 14.05(1) and 14.05(3)(B)(3),[2] and the modification of the pattern language of the first paragraph was undertaken at the request of defense counsel in his Proposed Modified Instruction (Doc. # 252). Defendant's own position is that the evidence at trial demonstrated a conspiracy to distribute cocaine and marijuana—both of which are indisputably controlled substances within the scope of § 841(a)(1). *See* (Doc. # 256 at 3). Defendant cannot reasonably claim that the inclusion of the *more* specific language caused prejudice such that justice requires a new trial.

Furthermore, when viewed as a whole, the Court's reference to the more general "controlled substance" language on pages 17 and 18, in accordance with Sixth Circuit Pattern Instruction 14.05(3)(B)(3), constituted a proper statement of the law. It is a clear

---

2     *Compare* 6th Cir. Pattern Crim. Jury Instr. 14.05(3)(B)(3) ("[T]his does not require proof that the defendant knew the drug involved was [name controlled substance] . . . . It is enough that the defendant knew that it was some kind of controlled substance."), *with* (Doc. # 253 at 17-18) (Instruction 14) ("[T]his does not require proof that the defendant knew the drug involved was carfentanil . . . . It is enough that the defendant knew that it was some kind of controlled substance.").

and accurate recitation of the elements of the offense that was charged—that is, conspiracy to violate the drug laws. The statutory language of the crime charged does not require that the Government prove Defendant was dealing with that specific drug; rather, the Government must only prove that Defendant knew he was dealing with "a controlled substance." 21 U.S.C. § 841(a)(1). *See also McFadden v. United States*, 135 S. Ct. 2298, 2302 (2015). "To prove an offense under § 841(a)(1), the government is not required to show that the defendant knew the exact type or quantity of the controlled substance involved . . . . Rather, the government is only required to prove that the defendant knew that the substance was some type of controlled substance." *Stapleton*, 297 F. App'x at 425 (citing *United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003)). Therefore, Defendant's argument that the Court should have responded to the jury that carfentanil was the only substance identified as a controlled substance the jury could consider does not accurately state the law. *See Williams*, 952 F.2d at 1512 ("It is not error to fail to use the language requested by the parties if the instruction as given is accurate and sufficient.").

Finally, Defendant's challenge to the instruction is based on a faulty premise. Based on the evidence before it, the Court does not accept Defendant's argument that the evidence presented at trial established that the objective of the conspiracy was to distribute cocaine and marijuana rather than carfentanil. As the Court previously determined on the record, there was sufficient evidence to find Defendant guilty of conspiracy to distribute carfentanil. *See* (Trial Transcript, June 20, 2018). A summary of that evidence is set forth in section II.A.2.b., *infra*. Thus, the reference to carfentanil specifically in the first paragraph of Instruction 14—at Defendant's request—was

9

appropriate when taken as a whole in light of the evidence presented at trial. Accordingly, Defendant's Rule 33 motion fails.

> **b. Defendant has not demonstrated a constructive amendment or prejudicial variance.**

In support of his motion for a new trial, Defendant next argues that the evidence introduced by the Government and the language of Instruction 14 diverged from the charge set forth in the Indictment—which refers specifically to carfentanil—in violation of his constitutional rights. Specifically, Defendant claims that the Government's evidence presented at trial, which he claims proved only that "the object of the conspiracy was to distribute cocaine and marijuana," combined with the reference to any "controlled substance" in Instruction 14, effectively broadened the scope of the charge. (Doc. # 256 at 3-6). Defendant argues that the broadened scope constituted an improper constructive amendment to the specific language of the Indictment—or, in the alternative, a prejudicial variance—in violation of the Sixth Amendment right to fair notice of the criminal charges against a defendant and the Fifth Amendment's protection against double jeopardy. *Id.* at 4 (citing *Stirone v. United States*, 361 U.S. 212, 217-19 (1960)).

In response, the Government argues that specification of the type or quantity of drug—carfentanil—in the Indictment constitutes mere "surplus language" and does not set out the elements of the charged offense. (Doc. # 261 at 3). The Government characterizes the identification of carfentanil in the Indictment as "a notice provision to the Defendant of the controlled substance that resulted in the [victim's] overdose death." *Id.* at 2. The inclusion, however, "did not change the crime charged under a 21 U.S.C. § 846 conspiracy, and it does not require that the United States prove the defendant knew he was dealing with that specific drug, so long as he knew he was dealing with a 'controlled

substance.'" *Id.*

A constructive amendment occurs when the language of an indictment is effectively "altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Purnell*, No. 17-3950, 2018 WL 3238920, at *3 (6th Cir. July 3, 2018). A defendant bears the burden of proving a constructive amendment, which is "per se prejudicial . . . [as] it infringes upon the Fifth Amendment's grand jury guarantee." *Id.* The Sixth Circuit acknowledged that its jurisprudence regarding the conditions under which a constructive amendment occurs "has been less than clear." *Purnell*, 2018 WL 3238920 at *3. On one hand, the Sixth Circuit has required a showing that "the important functions of an indictment were undermined by both [1] the evidence presented and [2] the jury instructions." *Id.* (citing *United States v. Mize*, 814 F.3d 401, 409 (6th Cir. 2016); *United States v. Hynes*, 467 F.3d 951, 962 (6th Cir. 2006)). On the other hand, the Sixth Circuit has also cast the net more broadly, finding that "a constructive amendment is possible even in the absence of varied evidence so long as the jury instructions charge the jury on a separate offense that was not listed in an indictment." *Purnell*, 2018 WL 3238920 at *3 (citing *United States v. Kuehne*, 547 F.3d 667, 685 (6th Cir. 2008)).

Regardless of the standard that is used, neither the jury instructions nor the evidence produced at trial resulted in a constructive amendment in this case. First, as set forth *supra*, the statutory language of the crime charged does not require that the Government prove Defendant was dealing with that specific drug; rather, the Government

must only prove that Defendant knew he was dealing with a controlled substance. *McFadden*, 135 S. Ct. at 2302; *Stapleton*, 297 F. App'x at 425. The inclusion in the Indictment of the specific drug that killed T.M.—carfentanil—does not alter the statutory elements. *See United States v. Andino*, 627 F.3d 41, 47 (2d Cir. 2010) (rejecting defendant's challenge to an indictment charging conspiracy to distribute cocaine, on the basis that he only intended to distribute marijuana, when the evidence showed he knowingly participated in a conspiracy to distribute a controlled substance).

Moreover, in light of the carfentanil-specific evidence presented at trial that substantially corresponded to the charges in the Indictment, there is not a "substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *Purnell*, 2018 WL 3238920, at *3. The Sixth Circuit decision in *United States v. Brownlee* is instructive in this context, presenting strikingly similar arguments by the defendants. 716 F. App'x 472, 475 (6th Cir. 2017). In *Brownlee*, the indictment charged the defendant specifically with conspiring "to distribute a mixture and substance containing detectable amounts of heroin . . . and fentanyl," which were the undisputed causes of the victim's death. *Id.* The jury instructions, however, referred more generally to a conspiracy "to distribute controlled substances." *Id.* The *Brownlee* defendant argued that the general statutory language in the jury instructions improperly expanded the specific charges in the indictment, creating an impermissible constructive amendment. Addressing this argument, the Sixth Circuit stated that "[t]o succeed on his claim, Brownlee must show that the evidence introduced at trial effectively altered the elements of the charged offense." *Id.* (citing *United States v. Hynes*, 467 F.3d 951, 961-63 (6th Cir. 2006)). Under this framework, the Sixth Circuit expressly stated that "[w]e will

12

not vacate a conviction on this ground if the allegation and proof substantially correspond" with one another. *Brownlee*, 716 F. App'x at 475 (citing *Berger v. United States*, 295 U.S. 78, 83 (1935)).

Here, Defendant cannot show that the evidence introduced at trial effectively altered the elements of the charged offense, because the carfentanil-specific evidence introduced at trial supported the allegations in the Indictment as written. The Indictment charged Defendant with conspiracy to "knowingly and intentionally distribute and possess with intent to distribute carfentanil, a Schedule II controlled substance," resulting in death, in violation of 21 U.S.C. § 846. (Doc. # 1). The evidence presented at trial directly supported the charge that Defendant conspired to distribute a potent substance— carfentanil.

Specifically, the trial testimony of Agent Taylor and the evidence of Defendant's own statements to police showed that Defendant assisted in the purchase of the carfentanil and was aware of the nature of the substance based on prior firsthand experience "cutting" the drug with powdered sugar. Defendant boasted that the drug he distributed would incapacitate the inmates in the work camp. He talked of prior overdoses caused by his distribution of the drug, told the buyers that the substance was "fire", and cautioned them to "cut" it with other substances such as baby formula. Most significantly, he specifically mentioned carfentanil. In the process of attempting to deny culpability during a statement made to law enforcement officers at the Boone County Detention Center on November 2, 2016, Defendant explained that the substance that killed T.M. was carfentanil. He stated that his wife's nephew, Dominic "Neph" Lindsey, was the supplier for the local upper-level dealers in Cincinnati and assisted in purchasing the

13

carfentanil. All of this evidence supports a finding that Defendant conspired to distribute carfentanil. Defendant's argument, therefore, that the evidence introduced at trial modified any essential elements of the offense charged simply falls flat. Accordingly, Defendant has failed to make the requisite showing of a constructive amendment.

Defendant alternatively asserts that "[i]n the event the Court determines a constructive amendment was not the result of the Government's evidence . . . [it] did create a prejudicial variance." *Id.* at 6. The difference between a constructive amendment and a prejudicial variance "is shadowy." *Mize*, 814 F.3d at 409 (citing *United States v. Barrow*, 118 F.3d 482, 488 (6th Cir. 1997)). In general terms, a variance "occurs when the charging terms of the indictment are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *Kuehne*, 547 F.3d at 683. In contrast to a constructive amendment, a variance is "not per se prejudicial." *Mize*, 814 F.3d at 409 (citing *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007)). In the context of a variance, "reversal is only warranted when a defendant proves that (1) a variance occurred and (2) that the variance affected a substantial right of the defendant." *Mize*, 814 F.3d at 409 (internal citations omitted).

Upon the same grounds, Defendant has likewise failed to make the requisite showing of a prejudicial variance, namely, that the evidence at trial proved facts materially different from those alleged in the Indictment. *Kuehne*, 547 F.3d at 683. Accordingly, his alternative claim that a prejudicial variance occurred is meritless. *Id. See also United States v. Knuckles*, 581 F.2d 305 (2d Cir. 1978), *cert. denied*, 439 U.S. 986 (1978) ("The single set of facts involved . . . a controlled substance at a particular time and place [and] the operative facts were the same whether the controlled substance was heroin or

cocaine. We conclude that the variance was not substantial even if we were to assume that there was sufficient evidence that the substance possessed was cocaine" as opposed to heroin); *United States v. Ford*, 618 F. Supp. 2d 368, 380 (E.D. Pa. 2009). Accordingly, the interest of justice does not compel the commencement of a new trial, and Defendant's motion is **denied**.

### B.     *Motion to File Out of Time*

The second motion pending before the Court is Defendant Shelton's Motion for Leave to File Motion for Acquittal Out of Time, which argues that defense counsel's excusable neglect justifies an extension of time to file a post-verdict, renewed motion for judgment of acquittal. (Doc. # 266). The Federal Rules of Criminal Procedure set forth a deadline for a defendant to renew a motion for judgment of acquittal, "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c). The rule "seek[s] to promote finality by creating a bright-line rule." *United States v. Elenniss*, 729 F. App'x 422, 428 (6th Cir. 2018).

Here, Defendant did not seek to renew the motion for judgment of acquittal until approximately forty-five days after the guilty verdict. (Doc. # 266 at 3). However, "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). The party seeking an extension of time must first establish excusable neglect, and "[i]f no excusable neglect is demonstrated, the extension cannot be granted." *United States v. Williams*, 166 F.3d 1216, 1216, 1998 WL 863748, at *2 (6th Cir. Nov. 23, 1998) (table opinion).

The standard is "an equitable one" and the Sixth Circuit considers the following non-exhaustive list of factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Elenniss*, 729 F. App'x at 425 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). The Supreme Court has noted that "inadvertence, ignorance of the rules, or mistakes construing the rules does not usually constitute excusable neglect." *Williams*, 1998 WL 863748, at *2 (citing *Pioneer*, 507 U.S. at 392). *See also United States v. Boesen*, 599 F.3d 874, 880 (8th Cir. 2010) (stating that a district court does not abuse its discretion in finding that a delay due to strategy or a mistake of law is not excusable neglect); § 590 Time Limits, 3 Fed. Prac. & Proc. Crim. § 590 (4th ed.) ("The courts do not consider a delay in filing for strategy or a mistake of law to be reasons of excusable neglect").

Here, Defendant has not made a showing of excusable neglect because "[t]he most critical of the *Pioneer* factors—the reason for the delay" was based upon counsel's admitted mistake construing the rules. *Elenniss*, 729 F. App'x at 428. Defendant's Motion asserts defense counsel mistakenly "believed the new trial motion was sufficient" initially, but changed his position following "further thought, review of the criminal rules, and consultation with several experienced defense attorneys[.]" (Doc. # 266 at 3). No excusable neglect has been demonstrated. Accordingly, Defendant's Motion to File Out of Time is **denied**. Nonetheless, the Court "turn[s] briefly to the substance of [Defendant's] motion" because it is "clearly without merit[3] and doing so may facilitate

---

3      Defendant's Motion for Leave to File Motion for Acquittal Out of Time (Doc. # 266) is also moot, as the Renewed Motion for Judgment of Acquittal (Doc. # 267) is meritless. *See* discussion,

16

future proceedings." *Elenniss*, 729 F. App'x at 428.

### C. Renewed Motion for Judgment of Acquittal

The third and final motion pending before the Court is Defendant Shelton's Renewed Motion for Judgment of Acquittal (Doc. # 267), which was filed out of time. *See* discussion, *supra*. A district court may enter a judgment of acquittal if the government's proofs are legally insufficient to sustain a conviction. *United States v. Paulus*, 894 F.3d 267, 274 (6th Cir. 2018) (citing Fed. R. Crim. P. 29). In resolving this question, the court must view the evidence "in the light most favorable to the prosecution," and may not enter a judgment of acquittal if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Persaud*, 866 F.3d 371, 380 (6th Cir. 2017) (emphasis in original). Courts may not independently weigh the evidence, nor judge the credibility of witnesses. *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). Thus, a convicted defendant challenging the sufficiency of the evidence is presented with an "uphill battle." *United States v. Wagner*, 382 F.3d 598, 610 (6th Cir. 2004). *See also United States v. Ray*, 803 F.3d 244, 262 (6th Cir. 2015) ("A defendant who claims insufficiency of the evidence bears a very heavy burden").

Here, acquittal is improper because a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Defendant's arguments in support of acquittal simply reiterate the arguments set forth in his new trial motion, challenging the evidence and jury instructions in light of the specific language of the Indictment. As set forth *supra*, however, Defendant's argument is based upon the false premise that "the Government sought to prove the charge in the indictment with evidence

---

*infra*.

the object of the conspiracy was to distribute cocaine and marijuana" rather than carfentanil. (Doc. # 267 at 3). The evidence—Defendant's own statements to law enforcement officers, in particular—plainly supports a finding that Defendant conspired to distribute carfentanil.

As discussed *supra*, in his statements to police Defendant explained that the substance that killed T.M. was carfentanil. He admitted to firsthand knowledge of the supply of carfentanil from his wife's nephew, and his own preparation of the substance in July 2016 when he participated in "cutting" between six to eight ounces of raw carfentanil with powdered sugar to increase the amount of product. Defendant's own statements further demonstrated that he facilitated the purchase of carfentanil through his wife's nephew. Moreover, witness testimony showed Defendant boasting that the drug he distributed would incapacitate the inmates in the work-camp and led to prior overdoses. Finally, witness testimony showed that Defendant told his co-conspirators that the drug that killed T.M. was extremely potent. He described the substance to the buyers as "fire" and—by his own statements to police—cautioned them to "cut" the substance with other substances. Viewing the evidence presented at trial in the light most favorable to the prosecution, this evidence surely would permit a rational trier of fact to infer that Defendant intended to participate in the distribution of carfentanil and agreed to do so. *Persaud*, 866 F.3d at 380. As set forth *supra*, Defendant's claims that Instruction 14 was improper or that there was a constructive amendment or variance is equally unavailing. Accordingly, Defendant's Renewed Motion for Judgment of Acquittal is **denied**.

### III. CONCLUSION

For these reasons, the Court concludes that neither acquittal under Rule 29 nor a new trial under Rule 33 is warranted. Accordingly,

**IT IS ORDERED** as follows:

(1) Defendant Johnny L. Shelton's Motion for New Trial (Doc. # 256) is **denied**;

(2) Defendant Shelton's Motion for Leave to file Motion for Acquittal Out of Time (Doc. # 266) is **denied**; and

(3) Defendant's Renewed Motion for Judgment of Acquittal (Doc. # 267) is **denied**.

This 4th day of October, 2018.



Signed By:
*David L. Bunning*  DB
United States District Judge

L:\DATA\ORDERS\Covington Criminal\2017\17-10-2 MOO on MFA and MNT.docx