UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:17-CR-10-DLB
(Related Civil Action No. 2:20-CV-133-DLB)

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

V.                             **RECOMMENDED DISPOSITION**

JOHNNY L. SHELTON,                                                           DEFENDANT.

*** *** *** ***

Johnny L. Shelton, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence of life imprisonment with six years of supervised release. [R. 321]. Having been fully briefed, this matter is now ripe for review. This Court recognizes that Shelton is proceeding *pro se* and construes his motion more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003). Nevertheless, due to the reasons discussed herein, Shelton fails to establish that he is entitled to relief under 28 U.S.C. § 2255. Therefore, it is RECOMMENDED that Shelton's motion to vacate be DENIED.

**I. FACTS AND PROCEDURAL HISTORY**

In October of 2016, Shelton was an inmate housed at the Boone County Jail work camp. *See United States v. Shelton*, 791 F. App'x 519 (6th Cir. 2019). Other inmates noted that Shelton regularly possessed large amounts of cash ranging from a few hundred dollars to up to $1,500, with one inmate testifying at trial that Shelton claimed "he could make a $1,000 to $2,000 a day while in jail." *Id.* at 521. On October 14, 2016, Shelton spoke with fellow inmates Chad Prodoehl and Gordon Wanser about getting drugs from Shelton's cousin, Terrill (Cuzo) Hill, and smuggling

them into the work camp. *Id.* Shelton gave Hill's number to Prodoehl, who was authorized to leave the camp in his own vehicle, discussing arrangements to have Prodoehl meet with Hill to obtain cocaine and heroin. *Id.*

The next day, Prodoehl returned to the camp with a package wrapped in plastic and blue tape and gave it to Shelton in exchange for $40. *Id.* Later, Wanser and Shaun Houglin, another inmate, purchased two grams of crack cocaine and a gram of what they believed to be China white heroin from Shelton. *Id.* Shelton informed Wanser that the product was "good" and needed to be cut with another substance to minimize the effects. *Id.* Houglin tried the drug first, injecting a small amount. *Id.* Even though Houglin had taken a quarter dose of Suboxone, a substance which blocks the effects of opiates, earlier that day, he stated that the drug was very powerful and euphoric, causing him to black out and wake up hours later fully clothed in the shower. *Id.* Wanser also injected a small amount of the drug, which caused him to fall against the bathroom wall vomiting. *Id.*

Later that evening, Wanser shared some of the drug with fellow inmate Timothy Marcum. Marcum snorted a line of the drug off a table in Wanser's cell, which, according to Wanser, caused Marcum to begin nodding in and out. *Id.* Wanser observed that Marcum was having trouble breathing and placed him in the bottom bunk so that he would not fall and injure himself. *Id.*

The next morning, Marcum did not respond to the call for breakfast. Jail officials found Marcum in his cell cold, gray, without a pulse, and with bile-like or coffee ground-like substance caked around his mouth. *Id.* at 522. Jail officials attempted to resuscitate Marcum, but he was declared dead by a firefighter paramedic. *Id.* A subsequent autopsy found that Marcum died from acute carfentanil intoxication. *Id.*

On March 9, 2017, a grand jury charged Shelton with one count of conspiracy to distribute carfentanil, a Schedule II controlled substance, resulting in death in violation of 21 U.S.C. §§ 841(a)(1) and 846. [R. 1]. Shelton's first trial ended in a mistrial after Shelton's frustrations with his counsel resulted in Shelton making an oral motion to remove counsel. *Shelton* at 522. The district court appointed new counsel and Shelton's retrial began approximately five months later. *Id.* The newly empaneled jury unanimously found Shelton guilty of Count One of the indictment and the district court imposed the mandatory sentence of life in prison pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(C). Noting the potential for a change of law, the district court also imposed a term of six years supervised release in the event that Shelton was ever released from prison. [R. 293 at p. 18].

Shelton timely appealed his conviction to the Sixth Circuit, challenging "the propriety of the ordered retrial, the sufficiency of the evidence supporting his conviction, various aspects of the indictment returned against him, and portions of the jury instructions given by the district court both prior to the beginning of the jury's deliberation and after the jury sought clarification of one instruction." *Shelton* at 520. On October 16, 2019, the Sixth Circuit affirmed Shelton's conviction and sentence, finding no error which would necessitate another trial or dismissal of the charges. [R. 306].

On September 17, 2020, Shelton timely filed this motion to vacate his sentence under § 2255. [R. 321]. Shelton raises four claims of error: (1) ineffective assistance of counsel; (2) the jury instructions did not include an essential element of the charge; (3) insufficient evidence to convict; and (4) the indictment returned was insufficient. [*Id.* at p. 4-8].

## II. STANDARD OF REVIEW

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. Pursuant to 28 U.S.C. § 2255, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003), cert. denied, 540 U.S. 879 (2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Alternatively, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process. *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

## III. ANALYSIS

### A. Shelton's Ineffective Assistance of Counsel Claim

Shelton's first claim alleges ineffective assistance of counsel. [R. 321 at p. 4]. The facts underlying the alleged ineffective assistance are fairly difficult to determine. Attached to Shelton's motion is a 37-page memorandum of law, where in passing he makes one discernable allegation

4

of ineffective assistance of counsel: that his counsel should have argued at sentencing that the drug involved was not carfentanil.[1] [R. 321-1 at p. 34].

To prevail on ineffective assistance of counsel under Section 2255, Shelton must show two essential elements: (1) deficient performance and (2) how "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating that "[u]nless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable").

First, regarding deficient performance, reviewing courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* To show representation fell below an objective standard of reasonableness, Shelton must articulate specific acts or omissions to show how counsel's performance fell "outside the wide range of professionally competent assistance." *Id.* at 690.

Second, Shelton must also establish prejudice by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id.* at 694-95. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (citing *Strickland*, 466 U.S. at 696)). "When deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697. Decisions that "might be considered sound trial strategy" do not constitute ineffective

---

[1] Shelton makes another passing reference to his ineffective assistance of counsel claim, stating, "his counsel was ineffective for, inter alia and that sentence, out Range [*sic*] and the sentencing guide-line Maximum aggravated [*sic*], imposed, for that crime, upon defendan [*sic*] Johnny L. Shelton Criminal History." [R. 321-1 at p. 30]. This does not amount to a claim, as Shelton fails to plead any discernable factual basis required under Rule 2 of the Rules Governing Section 2255 Proceedings.

5

assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). While trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984). Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below the professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

    i.    **Failure to Argue that Carfentanil was not Involved**

Shelton argues that his trial counsel should have argued at sentencing that the "drug involved" was not carfentanil. [R. 321-1 at p. 34]. He further alleges that his counsel should have discovered a lab report which would have established the drug involved in the case. [*Id.*].

Shelton provides no evidence of a lab report or other evidence to show that the drug involved in this case was not carfentanil. At trial, Dr. Jeffrey Springer, the medical examiner who performed Marcum's autopsy, testified that a substance panel run on Marcum after he died found that his blood contained 23.3 picograms per milliliter of carfentanil, a level "more than adequate" to cause death. [R. 289 at p. 264-265]. He also testified that the metabolite for marijuana was found in Marcum's system, but the presence of the metabolite was "irrelevant" and that it only indicated that Marcum had used marijuana in the past. [*Id.* at p. 263]. He further testified that the marijuana use was not something that could cause death. [*Id.*]. Forensic toxicologist Kevin Shanks, who reviewed the substance panel run on Marcum, also testified that the panel showed only carfentanil, which was present at a level that could cause death, and marijuana, which was present at a level

6

that could not cause death. [*Id.* at p. 206-211]. Absent any additional proof, Shelton's statement that a lab report exists which would establish that another drug was involved is both conclusory and factually unsupported by the record, ultimately making it insufficient to support a motion to vacate. *See Short v. United States*, 504 F. 2d 63, 65 (6th Cir. 1974) (holding allegations unsupported by facts are legally insufficient to support a motion to vacate); *Spencer v. United States,* No. 94-5619, 1994 U.S. App. LEXIS 35222, at *6 (6th Cir. Dec. 12, 1994) (holding a claim for ineffective assistance without a factual basis must fail). Thus, Shelton is not entitled to relief on this claim.

### ii. Additional Ineffective Assistance Claims Brought in Shelton's Reply

In his Reply [R. 339], Shelton attempts to bring three additional claims of ineffective assistance of counsel. He first argues that his trial counsel should have called a witness used in co-conspirator Chad Prodoehl's trial who witnessed drugs being passed from Wanser to Marcum. [R. 339 at p. 1]. He also argues that his trial counsel was ineffective because he only represented Shelton as a favor for the judge. [*Id.* at p. 2]. Lastly, he argues that his counsel refused to file a motion requesting an extension of time so that Shelton could have more time to consider a plea deal from the United States. [*Id.*].

Unfortunately for Shelton, these claims of ineffective assistance have been waived because he failed to bring them in his original § 2255 motion. "It is well-established that a party, including a movant in a motion under § 2255, may not raise an argument for the first time in a reply brief." *United States v. Turek*, No. 5:11-CR-29, 2015 WL 5838479, at *6 (E.D. Ky. October 6, 2015) (quoting *Hadley v. United States*, No. 1:06-CR-5, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010)); *see also* Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings (The motion must "specify all the grounds for relief available to the moving party."); *Sanborn v. Parker*,

629 F.3d 554, 579 (6th Cir. 2010); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). Further, the fact that the Court construes pro se motions more leniently than motions prepared by attorneys does not save Shelton's claims, as courts in this district have observed that allowing a habeas petitioner to present new claims for the first time in his reply brief "undermines the adversary process because the government has no opportunity to respond to these new claims." *United States v. Jones*, No. 5:14-cr-119-JMH, 2018 U.S. Dist. LEXIS 178459, at *13 (E.D. Ky. Oct. 17, 2018) ("Of course, it is true that the Court construes pro se motions more leniently than motions prepared by attorneys. But construing pro se motions more leniently does not allow pro se petitioners to present claims for the first time in their reply brief." (internal citations omitted)). Thus, Shelton's additional claims of ineffective assistance of counsel are waived and provide him no basis for relief.

### B. Shelton's Claims Challenging the Jury Instructions

Shelton's second claim alleges that his jury instructions were deficient. [R. 321 at p. 5]. While the factual allegations underlying his claim are difficult to discern, Shelton appears to be raising two grounds for error: (1) there was a "deliberate omission of essential element of drug type" and (2) the district court improperly instructed the jury that it could find Shelton guilty if it found that the carfentanil distributed by Shelton was only a contributing cause of Marcum's death. [R. 321 at p. 5; 321-1 at p. 9].

First, the Government argues that Shelton is precluded from bringing his jury instruction claims because he either already raised his arguments in his direct appeal to the Sixth Circuit or he failed to raise them and is therefore procedurally barred from bringing them now. [R. 326 at p. 2-3]. In his appeal, Shelton argued that the district court erred by referring to conspiracy to distribute only a controlled substance instead of specifically naming carfentanil in the jury instructions. *See*

8

[R. 306 at p. 10]. Although unclear, it appears that Shelton is attempting to relitigate that same argument here in his § 2255 motion by stating there was a "deliberate omission" of the type of drug in the jury instructions which resulted in a "general verdict." [R. 321 at p. 5 (checking "yes" to the question asking whether the issue was raised on appeal)]. A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent "highly exceptional circumstances, such as an intervening change of law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also Kelly v. United States*, 1992 U.S. App. LEXIS 27170, at *4 (6th Cir. 1992). Here, Shelton has not alleged any exceptional circumstance, and the Court will decline to re-examine an issue already decided by the Sixth Circuit.

Similarly, Shelton's second argument that the district court erred by instructing the jury that it must only find that the carfentanil distributed by Shelton was a contributing cause to Marcum's death is waived because he failed to bring it in his direct appeal to the Sixth Circuit. *See Jones* at 796 ("It is well settled that an argument not raised on direct appeal is waived."). However, even if the argument was not waived, it is still meritless because it is factually incorrect. Shelton argues that the district court improperly instructed the jury that it could find Shelton guilty if it found that the carfentanil distributed by Shelton was a contributing cause of Marcum's death in violation of *Burrage v. United States*, 571 U.S. 204 (2014) . [R. 321-1 at p. 9]. Shelton is correct that the Supreme Court in *Burrage* ruled that a defendant cannot be liable under the 21 U.S.C. § 841(b)(1)(C)  "death enhancement" penalty unless the use of the drug was a "but-for" cause of the death of the victim. *Burrage* at 218-219. However, Shelton's contention that the district court's jury instructions violated *Burrage* is false. When instructing the jury on the third element of 21 U.S.C. 846, the Court stated,

> With regard to the third element—that death resulted from the defendant's conduct—the government does not have the burden of establishing that the

> defendant intended that death result from the use of the substance. Nor does the government have the burden of establishing that the defendant knew, or should have known, that death would result from the distribution or ingestion of the substance. What the government must prove, beyond a reasonable doubt, is that the death would not have occurred had the controlled substance distributed by the conspiracy not been ingested by T.M. But-for causation exists where a particular controlled substance combines with other factors to result in death. The existence of other potential contributing causes of death is irrelevant so long as the government presents sufficient evidence the substance distributed by the conspiracy was a but-for cause of T.M.'s death.

[R. 253 at p. 18-19 (citing Sixth Circuit Pattern Jury Instructions § 14.05; *Burrage v. United States*, 571 U.S. 204 (2014)]. Thus, contrary to Shelton's contentions, the jury instructions did not run afoul of *Burrage*, and Shelton's second claim provides him no basis for relief. *Spencer*, 1994 U.S. App. LEXIS 35222, at *6 (holding there must be a factual basis to support a § 2255 motion).

### C. Shelton's Claims Challenging the Indictment and the Sufficiency of the Evidence Used to Convict

Shelton raises two additional claims outside of his ineffective assistance of counsel and jury instruction claims. He first claims that there was insufficient evidence to convict him. [R. 321 at p. 6]. He also claims his indictment was "insufficient." [R. 321 at p. 8]. These claims, however, are insufficiently pled under Rule 2(b) of the Rules Governing Section 2255 Proceedings, which states that a motion under § 2255 must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." Here, Shelton has failed to allege any facts supporting his claims. For his claim challenging the indictment, he simply states "Rights under the Fifth Amendment Due Process Clause Sixth Amendment Notice Clause." [*Id.* at p. 8]. Shelton comes closer to making a factual allegation in his insufficient evidence claim, stating that he was "found guilty beyond a reasonable doubt," however, it is still insufficient as he fails to identify which element or elements of the crime that the government failed to prove. *See Kendricks v. United States*, Nos. 1:06-cv-159, 1:06-cv-268, 2007 U.S. Dist. LEXIS 7459, at *26-27 (E.D. Tenn.

10

Jan. 26, 2007) (dismissing 2255 claim of insufficient evidence under Rule 2(b) because defendant failed to identify which element of the crime that the government failed to prove). Likewise, Shelton's memorandum of law does not provide any clarity on the underlying factual basis of his claims. His thirty-seven page memorandum largely recites case law but fails to apply it to any of the facts of his case. *See* [R. 321-1 (discussing *Burrage*, *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), the Controlled Substance Act, the Armed Career Criminal Act, etc.)]. Thus, these additional claims should be dismissed as failing to conform to the Rules Governing 2255 Proceedings. *See* Rule 4(b) of the Rules Governing 2255 Proceedings.

Additionally, Shelton's insufficient evidence and insufficient indictment claims are conclusory and factually unsupported. Shelton does no more than state that the indictment was insufficient and in violation of the Fifth and Sixth Amendment. *See* [R. 321 at p. 8]. Similarly, Shelton simply makes a conclusory statement that there was insufficient evidence to find him guilty beyond a reasonable doubt. [*Id.* at p. 6]. These conclusory and factually unsupported statements cannot support a § 2255 motion. *See Short*, 504 F. 2d at 65 (6th Cir. 1974) ("petitioner's claims are stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof; and his motion is, thus, legally insufficient to sustain a review").

Finally, these additional claims are attempts to relitigate issues brought before the Sixth Circuit in Shelton's direct appeal. In his direct appeal, Shelton alleged that he should not have been found guilty because there was no evidence showing that he was the one who provided Marcum with the carfentanil. [R. 306 at p. 8]. He further argued that he could not be guilty based on the acts of Wanser because Wanser was not his co-conspirator. [*Id.*]. The Sixth Circuit disagreed, finding that the testimony presented at trial could induce a reasonable trier of fact to find that

Wanser was Shelton's co-conspirator and that the government established the essential elements of the charge beyond a reasonable doubt. [*Id.* at p. 10]. Similarly, Shelton raised three challenges against the indictment on direct appeal, arguing that (1) the "death results" enhancement should have been stricken because the sole charge in the indictment was an agreement to distribute carfentanil; (2) that the indictment did not give him fair notice of the death results enhancement; and (3) the indictment was internally inconsistent because Wanser, the individual who actually distributed the carfentanil, was not included in the indictment's "death results" allegation. [*Id.* at p. 12-13]. The Sixth Circuit found no error in the indictment. [*Id.*].

As discussed above, a § 2255 motion may not be used to relitigate an issue that was raised on appeal absent exceptional circumstances. *Jones*, 178 F.3d at 796. The limited factual allegations that Shelton makes, such as stating that he believes the indictment was made in violation of his Fifth Amendment right to due process and his Sixth Amendment right to notice of the charge being brought against him, mirror the arguments he made to the Sixth Circuit. Shelton has failed to allege any exceptional circumstances which would allow this Court to consider the arguments he has already made to the Sixth Circuit. Thus, his additional claims alleging insufficient evidence and an insufficient indictment should be dismissed as they fail to comply with the Rules Governing Section 2255 Proceedings, they are conclusory and factually unsupported, and they are improper attempts to relitigate issues already presented before the Sixth Circuit.

### D. Shelton's Additional Claims Brought Initially in His Reply

Shelton attempts to add two new claims in his reply to the government's response to his § 2255 motion. He first alleges that the "death results conspiracy charged in the indictment" is not an offense under 28 U.S.C. 846. [R. 339 at p. 3]. He also seeks to add a claim under the First Step Act, arguing that the Act substituted "serious drug felony" for "felony drug offense." [*Id.*].

Unfortunately for Shelton, as discussed above, he waived his ability to bring these claims by failing to bring them in his original § 2255 motion. *See e.g. Sanborn*, 629 F.3d at 579 (6th Cir. 2010). Thus, the undersigned recommends these claims be dismissed.

### E. Shelton's Request for an Evidentiary Hearing

In his reply, Shelton requests an evidentiary hearing so that he may present his claims before the Court. [R. 339 at p. 2]. The decision to grant an evidentiary hearing is left to the discretion of the courts. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). A district court is not required to hold an evidentiary hearing where the record conclusively shows that the petitioner is entitled to no relief on their claim. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). As discussed above, counsel did not err by failing to argue at sentencing that carfentanil was not involved in this case. Further, Shelton's remaining claims challenging the jury instructions, sufficiency of the evidence, and the indictment were either improperly brought, insufficiently pled, or conclusory and factually unsupported. Thus, Shelton is not entitled to relief under § 2255, and the Court is not required to hold an evidentiary hearing.

### IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (stating that issuance of a Certificate of Appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought

pursuant to 28 U.S.C. § 2255); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x. 771, 774 (6th Cir. 2005). For dismissals on procedural grounds, as to when a Certificate of Appealability to be issued, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604.

Here, Shelton has not made a "substantial showing" as to any claimed denial of his rights. Moreover, the Court also believes that reasonable jurists would not find its determination on the merits debatable. Therefore, this Court recommends that the District Court deny a Certificate of Appealability.

## V. RECOMMENDATION

Accordingly, having reviewed Shelton's motion to vacate [R. 321] in accordance with Rule 10 of the Rules Governing Section 2255 Habeas Cases, IT IS RECOMMENDED that:

1. Shelton's motion to vacate his sentence under § 2255 [R. 321] be DISMISSED WITH PREJUDICE;
2. A Certificate of Appealability be DENIED as to all issues raised, should Shelton so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir.

1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed June 25, 2021.



Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge